UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

LAURA SIRVENT,
    Plaintiff,
v.

EL DORADO FURNITURE
CORPORATION,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant EL DORADO FURNITURE CORPORATION ("El Dorado"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of removal of an action pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Laura Sirvent v. El Dorado Furniture Corporation,* Case No.: 2019-013081-CA-01 to the United States District Court for the Southern District of Florida, being the district within which that action is presently pending. As grounds for removal, El Dorado states as follows:

### Introduction

1.    On or about May 1, 2019, Plaintiff filed a complaint with the 11th Judicial Circuit in and for Miami-Dade County, Florida.[1] El Dorado was not served with this complaint.

---

[1] This complaint sets forth four counts against Defendant, one count of Sexual Harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. ("Title VII"), one count of Sex/Gender Discrimination under Title VII, one count of Sexual Harassment under the Florida Civil Rights Act, § 760.01, et. seq., Florida Statutes ("FCRA") and one count of Sex/Gender Discrimination under the FCRA.

2. On or about May 7, 2019, Plaintiff filed an amended complaint with the 11th Judicial Circuit in and for Miami-Dade County, Florida.[2] El Dorado was not served with this amended complaint.

3. On May 13, 2019, El Dorado was served with an Amended Complaint in this action, alleging sexual harassment and sex and gender discrimination under the Florida Civil Rights Act, § 760.01, et seq., Florida Statutes ("FCRA"), and claims for sexual harassment and sex and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. ("Title VII"). This is the only document that Plaintiff has served on El Dorado in this action.

4. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

5. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Composite Exhibit A are copies of the Amended Complaint served upon Defendant and all state court process, pleadings, and orders served upon Defendant or maintained in the state court civil action.

6. This Notice is filed within thirty (30) days of Defendant having been served with the Complaint. *See* 28 U.S.C. § 1446(b).

### Plaintiff's Complaint Raises a Substantial Question of Federal Law

7. Title 28 U.S.C. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Title 28 U.S.C. § 1441(a) further states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." *See* 28 U.S.C. § 1441(a). Thus, federal question jurisdiction is triggered where a federal question is presented on the face of a plaintiff's complaint. *See, e.g., Kemp v. Int'l Bus. Machines Corp.,* 109 F.3d 708, 712 (11th Cir. 1997).

---

[2] This amended complaint sets forth the same four counts contained in the initial complaint.

8.  Plaintiff's Amended Complaint alleges violations of 42 U.S.C. § 2000e. Complaint at ¶¶ 1, 44-63. Specifically, Plaintiff states that "the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq." *See Id.* at ¶ 1.

9.  Plaintiff, on the face of her Amended Complaint, seeks relief based upon claims arising from federal law. Accordingly, this Court has original jurisdiction of this case under 28 U.S.C. § 1331, and this action is removable from state court pursuant to 28 U.S.C. § 1441(a).

**The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims**

10. In the Amended Complaint, Plaintiff also alleges claims against Defendant for sexual harassment and sex and gender discrimination under the FCRA. Plaintiff's pendent state law claims are also properly removable to federal court under this Court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

11. Here, Plaintiff's state and federal claims "derive from a common nucleus of operative fact," *Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966), namely, the reasons for Plaintiff's termination of employment and Plaintiff's claim that she was subject to harassment and discrimination. *See* Plaintiff's Amended Complaint, attached as Composite Ex. A. As the Court has supplemental jurisdiction over Plaintiff's state law claims, those claims are properly removed to this Court. *See, e.g., Castellanos v. Starwood Vacation Ownership, Inc.*, 2015 WL 403274, at *3 (M.D. Fla. Jan. 8, 2015) (exercising supplemental jurisdiction in Family Medical Leave Act case over state law discrimination and retaliation claims).

12. Copies of this Notice of Removal and a separate State Court Notice of Removal have been filed with the Clerk of the Circuit Court of the 11th Judicial Circuit and served on Plaintiff's counsel.

13. This Notice of Removal is signed by undersigned counsel pursuant to Fed. R. Civ. P. 11.

**WHEREFORE,** Defendant EL DORADO FURNITURE CORPORATION gives notice that the above-styled case now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, is removed therefrom to this Court.

Dated: June 12, 2019  Respectfully submitted,
Miami, Florida

By: *s/Robert S. Turk*
ROBERT S. TURK, ESQ.
Florida Bar No.: 261343
E-mail: rturk@stearnsweaver.com
PAUL CRUCET, ESQ.
Florida Bar No.: 122169
E-mail: pcrucet@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendant, EL DORADO FURNITURE CORPORATION*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I further certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *s/Robert S. Turk*
ROBERT S. TURK, ESQ.

## SERVICE LIST

*Laura Sirvent v. El Dorado Furniture Corporation*

Elvis J. Adan, Esq.
Florida Bar No. 24223
E-mail: elvisadan11@aol.com
Gallardo Law Office, P.A.
8492 S.W. 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

*Attorneys for Plaintiff, Laura Sirvent*

*Served Via: CM/ECF*

#7471261 v1